UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| **ABDULAMEER KAREEM WALY,** § § | CASE NO: |
| **Plaintiff,** § § | |
| vs. § § | |
| **WORLDWIDE LANGUAGE** § **RESOURCES, LLC,** § § | **TRIAL BY JURY DEMANDED** |
| **Defendant.** § § | |

## ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

COMES NOW, Plaintiff ABDULAMEER KAREEM WALY, through his undersigned counsel, and files this Complaint under 42 U.S.C. § 2000e and 42 U.S.C. §1981 and states:

### INTRODUCTION

1. Plaintiff files this Complaint and complains of discrimination on the basis of race and national origin under 42 U.S.C. § 2000e and 42 U.S.C. §1981 and in retaliation for his complaints of discrimination on the basis of race and national origin under 42 U.S.C. § 2000e and 42 U.S.C. §1981, and on the basis of Plaintiff's perceived disability under 42 U.S.C. §12101.

2. This action seeks compensatory and punitive damages, emotional distress and mental anguish damages, and attorneys' fees.

### PARTIES

3. Plaintiff, Abdulameer Kareem Waly, is a resident of Lincoln, Nebraska.

4. Defendant, Worldwide Language Resources, LLC is a for-profit corporation incorporated in New Hampshire, which has its headquarters in Fayetteville, North Carolina.

1

Defendant is registered to do business in and be sued in North Carolina by serving Defendant's registered agent, David A. Vicinanzo, Attorney, 305 Church at North Hills Street, Suite 1230, c/o Nixon Peabody, LLP, Raleigh, North Carolina, 27609-2669.

## VENUE

5. Venue is appropriate in the United States District Court for the Eastern District of North Carolina in that the Defendant is headquartered in this District, as required under 28 U.S.C. §1391, and a substantial part of the events that led to this Complaint occurred in this District.

## JURISDICTION

6. This Court has original jurisdiction of this action pursuant to 28 U.S.C. §1331, as it involves federal question jurisdiction.

7. The unlawful employment practices were committed within the jurisdiction of this Court.

## PROCEDURAL REQUISITES

8. Plaintiff has met all conditions precedent to the filing of this action. Plaintiff filed his Charge of Discrimination with the EEOC on January 24, 2020. The EEOC issued a Notice of Right to Sue letter on September 8, 2020, and Plaintiff has filed this lawsuit no more than 90 days after receiving the Notice of Right to Sue letter. Additionally, this lawsuit has been filed within the statute of limitations as required under 42 U.S.C. §1981.

## FACTS

9. Plaintiff, who is of Iraqi Kurdish heritage, worked as an Arabic and Kurdish linguist for Defendant in Iraq translating between English and Arabic and Kurdish.

10. During Plaintiff's time working for Defendant, Plaintiff was constantly bullied and harassed by co-workers who were Arabic linguists regarding both his race and national origin, and regarding his perceived disability of a leg damaged by polio.

11. In one incident of harassment, Plaintiff was working in the evening. Mr. Bahary, an Arabic linguist, came into the office with a bottle of whisky. He made jokes about Kurdish people, and Plaintiff asked him to leave. Two other Arabic linguists reported to his supervisors that he was disrespectful to his team members. The next day, Plaintiff's supervisor, Mr. Sayd, sternly warned Plaintiff not to report the incident. This type of hostile environment occurred in Plaintiff's workplace many times.

12. Plaintiff's Arabic linguist co-workers also constantly harassed him about his perceived disability because Plaintiff has a leg and foot that have been damaged by polio.

13. Additionally, Defendant refused to assign Plaintiff to do field work because of his perceived disability.

14. Plaintiff was fully qualified and able to perform all of the duties of his position, including field work, without an accommodation.

15. Additionally, Plaintiff's direct supervisor, Team Leader Christopher Ledbetter, treated Arabic linguists preferentially when compared with the Kurdish linguists.

16. For example, Ledbetter assigned Arabic linguists to work all of the preferred daytime work assignments, while he assigned the Kurdish linguists to work the midnight shifts.

17. Ledbetter permitted Arabic linguists to go off the premises of their work assignment to visit family members or friends in the nearby town without an escort, which was a violation of security protocol. Ledbetter required that Kurdish linguists be escorted any time they left the work premises.

18. Ledbetter also required Kurdish linguists to give 48 hours' notice of medical appointments off campus, while Arabic linguists were permitted to go to medical appointments without notice. Merry Thompson, an Arabic linguist who was later arrested for espionage while she was working for Defendant, was permitted to go to have plastic surgery on her face without any prior notification. Similarly, Ahmad Ajeel, another Arabic linguist, was permitted to go for medical hair implantation without prior notification.

19. Additionally, Ledbetter allowed the Arabic linguists to go off campus to purchase alcohol and bring it back for others to consume, even though alcohol was expressly prohibited on the work site.

20. Plaintiff complained to Manager Tim Fackender about the hostile work environment on several different occasions.

21. Plaintiff's Iraqi Kurdish co-worker, Nazar Ali, complained about the discrimination to supervisors on several occasions.

22. After Mr. Ali complained about the discrimination, he was terminated and Defendant entered a false incident report in his government security records so that he could not be hired by any company in the future to perform classified work.

23. Shortly after Mr. Ali was terminated, Mr. Waly was constructively discharged.

24. During his employment, Plaintiff was subjected to discrimination based on his race and national origin, and he was constructively discharged because of his race and national origin and in retaliation for his complaints of discrimination.

25. During his employment, Plaintiff was subjected to discrimination based on his perceived disability, and he was constructively discharged because of his perceived disability.

**COUNT I: RACE DISCRIMINATION UNDER 42 U.S.C. §1981**

26. Plaintiff incorporates the allegations made in Paragraphs 1 through 25 herein.

27. Title 42 U.S.C. §1981, *inter alia*, protects at-will employees from employment discrimination on the basis of race because at-will employment is a form of contract for purposes of section 1981. *Spriggs v. Diamond Auto Glass*, 165 F.3d 1015 (4th Cir. 1999). Defendant offered to pay Plaintiff for his work, and Plaintiff accepted that offer and began performing the work. Thus, the parties entered into a contractual arrangement covered by 42 U.S.C. §1981.

28. Defendant, by and through its agents and employees, engaged in the aforementioned practices, policies, customs, and usages made unlawful by 42 U.S.C. §1981.

29. Plaintiff was subjected to a hostile work environment by his co-workers and Mr. Ledbetter because of his race and national origin, Iraqi Kurdish.

30. If Plaintiff had not been an Iraqi Kurdish person, he would not have been subjected to a hostile work environment.

31. Plaintiff's was constructively discharged because of his race and national origin.

32. Had Plaintiff not been an Iraqi Kurdish person, Plaintiff would not have been constructively discharged.

33. As a direct and proximate result of the Defendant's conduct that violated 42 U.S.C. §1981, Plaintiff suffered and continues to suffer damages, including lost wages, emotional distress, and attorneys' fees and costs.

34. Defendant's actions were intentional, willful, harsh, oppressive, reckless, and malicious, and as a further and proximate cause, Plaintiff has suffered severe emotional distress, pain, and suffering. The wrongs done by the Defendant were aggravated by its willfulness, wantonness, and maliciousness for which the law allows the imposition of exemplary damages.

Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

35. Defendant's actions as stated above, and the resulting damages to Plaintiff, have necessitated that Plaintiff retain the services of COANE AND ASSOCIATES, PLLC, and Dana LeJune, Esq. to represent him in these proceedings. Wherefore, Plaintiff seeks recovery of reasonable and necessary attorneys' fees.

## COUNT II: RETALIATION FOR COMPLAINTS OF DISCRIMINATION UNDER 42 U.S.C §1981

36. Plaintiff incorporates the allegations made in Paragraphs 1 through 35 herein.

37. Title 42 U.S.C. §1981, *inter alia*, protects employees from adverse employment actions in retaliation for complaining about racial discrimination.

38. Defendant, by and through its agents and employees, engaged in the aforementioned practices, policies, customs, and usages made unlawful by 42 U.S.C. §1981.

39. Plaintiff's was constructively discharged in retaliation for his complaints of racial and national origin discrimination.

40. Had Plaintiff not complained of racial and national origin discrimination, he would not have been constructively discharged by Defendant.

41. As a direct and proximate result of the Defendant's conduct that violated 42 U.S.C. §1981, Plaintiff suffered damages, including lost wages, emotional distress, and attorneys' fees and costs.

42. Defendant's actions were intentional, willful, harsh, oppressive, reckless, and malicious, and as a further and proximate cause, Plaintiff has suffered severe emotional distress, pain, and suffering. The wrongs done by the Defendant were aggravated by its willfulness,

6

Case 5:20-cv-00644-BO   Document 1   Filed 11/30/20   Page 6 of 12

wantonness, and maliciousness for which the law allows the imposition of exemplary damages. Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

43. Defendant's actions as stated above, and the resulting damages to Plaintiff, have necessitated that Plaintiff retain the services of COANE AND ASSOCIATES, PLLC, and Dana LeJune, esq., to represent him in these proceedings. Wherefore, Plaintiff seeks recovery of reasonable and necessary attorneys' fees.

### COUNT III: DISCRIMINATION BASED ON RACE UNDER 42 U.S.C. §2000e

44. Plaintiff incorporates the allegations made in Paragraphs 1 through 43 herein.

45. Title 42 U.S.C. §2000e, *inter alia*, protects employees from employment discrimination on the basis of race.

46. Defendant, by and through its agents and employees, engaged in the aforementioned practices, policies, customs, and usages made unlawful by 42 U.S.C. §2000e.

47. Plaintiff was subjected to a hostile work environment because of his race.

48. Had Plaintiff not been an Iraqi Kurdish person, Defendant would not have subjected him to a hostile work environment.

49. Plaintiff's was constructively discharged because of his race.

50. Had Plaintiff not been an Iraqi Kurdish person, he would not have been constructively discharged by Defendant.

51. As a direct and proximate result of the Defendant's conduct that violated 42 U.S.C. §2000e, Plaintiff suffered damages, including lost wages, emotional distress, and attorneys' fees and costs.

7

52. Defendant's actions were intentional, willful, harsh, oppressive, reckless, and malicious, and as a further and proximate cause, Plaintiff has suffered severe emotional distress, pain, and suffering. The wrongs done by the Defendant were aggravated by its willfulness, wantonness, and maliciousness for which the law allows the imposition of exemplary damages. Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

53. Defendant's actions as stated above, and the resulting damages to Plaintiff, have necessitated that Plaintiff retain the services of COANE AND ASSOCIATES, PLLC, and Dana LeJune, Esq., to represent him in these proceedings. Wherefore, Plaintiff seeks recovery of reasonable and necessary attorneys' fees.

## COUNT IV: RETALIATION FOR COMPLAINTS OF RACIAL DISCRIMINATION UNDER 42 U.S.C. §2000e

54. Plaintiff incorporates the allegations made in Paragraphs 1 through 53 herein.

55. Title 42 U.S.C. §2000e, *inter alia*, protects employees from adverse employment actions in retaliation for complaining about racial discrimination.

56. Defendant, by and through its agents and employees, engaged in the aforementioned practices, policies, customs, and usages made unlawful by 42 U.S.C. §2000e.

57. Plaintiff was constructively discharged in retaliation for his complaints of racial discrimination.

58. Had Plaintiff not complained of racial discrimination, Defendant would not have constructively discharged Plaintiff.

59. As a direct and proximate result of the Defendant's conduct that violated 42 U.S.C. §2000e, Plaintiff suffered damages, including lost wages, emotional distress, and attorneys' fees and costs.

60. Defendant's actions were intentional, willful, harsh, oppressive, reckless, and malicious, and as a further and proximate cause, Plaintiff has suffered severe emotional distress, pain, and suffering. The wrongs done by the Defendant were aggravated by its willfulness, wantonness, and maliciousness for which the law allows the imposition of exemplary damages. Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

61. Defendant's actions as stated above, and the resulting damages to Plaintiff, have necessitated that Plaintiff retain the services of COANE AND ASSOCIATES, PLLC, and Dana LeJune, Esq., to represent him in these proceedings. Wherefore, Plaintiff seeks recovery of reasonable and necessary attorneys' fees.

## COUNT V: DISCRIMINATION BASED ON NATIONAL ORIGIN UNDER 42 U.S.C. § 2000e, *et seq.*

62. Plaintiff incorporates the allegations made in Paragraphs 1 through 61 herein.

63. Title 42 U.S.C. §2000e, *inter alia*, protects employees from employment discrimination on the basis of national origin.

64. Defendant, by and through its agents and employees, engaged in the aforementioned practices, policies, customs, and usages made unlawful by 42 U.S.C. §2000e.

65. Plaintiff was subjected to a hostile work environment because of his Iraqi Kurdish national origin.

66. Had Plaintiff not been an Iraqi Kurdish person, Defendant would not have subjected him to a hostile work environment.

67. Plaintiff was constructively discharged because of his national origin.

68. Had Plaintiff not been an Iraqi Kurdish person, Defendant would not have constructively discharged Plaintiff.

69. As a direct and proximate result of the Defendant's conduct that violated 42 U.S.C. §2000e, Plaintiff suffered damages, including lost wages, emotional distress, and attorneys' fees and costs.

70. Defendant's actions were intentional, willful, harsh, oppressive, reckless, and malicious, and as a further and proximate cause, Plaintiff has suffered severe emotional distress, pain, and suffering. The wrongs done by the Defendant were aggravated by its willfulness, wantonness, and maliciousness for which the law allows the imposition of exemplary damages. Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

71. Defendant's actions as stated above, and the resulting damages to Plaintiff, have necessitated that Plaintiff retain the services of COANE AND ASSOCIATES, PLLC, and Dana LeJune to represent him in these proceedings. Wherefore, Plaintiff seeks recovery of reasonable and necessary attorneys' fees.

### COUNT VI: RETALIATION FOR COMPLAINTS OF NATIONAL ORIGIN DISCRIMINATION UNDER 42 U.S.C. §2000e

72. Plaintiff incorporates the allegations made in Paragraphs 1 through 71 herein.

73. Title 42 U.S.C. §2000e, *inter alia*, protects employees from adverse employment actions in retaliation for complaining about national origin discrimination.

74. Defendant, by and through its agents and employees, engaged in the aforementioned practices, policies, customs, and usages made unlawful by 42 U.S.C. §2000e.

75. Plaintiff was constructively discharged in retaliation for his complaints of national origin discrimination.

76. Had Plaintiff not complained of national origin discrimination, Defendant would not have constructively discharged Plaintiff.

77. As a direct and proximate result of the Defendant's conduct that violated 42 U.S.C. §2000e, Plaintiff suffered damages, including lost wages, emotional distress, and attorneys' fees and costs.

78. Defendant's actions were intentional, willful, harsh, oppressive, reckless, and malicious, and as a further and proximate cause, Plaintiff has suffered severe emotional distress, pain, and suffering. The wrongs done by the Defendant were aggravated by its willfulness, wantonness, and maliciousness for which the law allows the imposition of exemplary damages. Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

79. Defendant's actions as stated above, and the resulting damages to Plaintiff, have necessitated that Plaintiff retain the services of COANE AND ASSOCIATES, PLLC, and Dana LeJune, Esq., to represent him in these proceedings. Wherefore, Plaintiff seeks recovery of reasonable and necessary attorneys' fees.

## JURY TRIAL DEMANDED

80. Plaintiff demands a trial by jury for all issues so triable.

WHEREFORE, Plaintiff requests compensatory damages, punitive damages, and reasonable attorney fees from Defendant pursuant to 42 U.S.C. §1981, 42 U.S.C. §2000e, and any other applicable authority (statute/law, etc.), to be proven at the time of trial for all compensatory damages, punitive damages, and attorneys' fees and costs along with any other relief that this Court finds reasonable under the circumstances.

Respectfully submitted,

**Dated: November 30, 2020**　　　　　　　　　By: _/s/ Dana LeJune_
　　　　　　　　　　　　　　　　　　　　　　　　**Dana LeJune**, Local Counsel

NC Bar # 49025
The LeJune Law Firm
7 Orchard Street, Suite 200
Asheville, NC 28801
(828) 774-5800
dlejune@triallawyers.net
**Bruce Coane**
S.D. Tex. #7205
TX Bar #04423600
Coane and Associates, PLLC
5177 Richmond Ave., Suite 770
Houston, TX 77056
(305) 538-6800
Email: bruce.coane@coane.com
Notice of Special Appearance forthcoming
**Lisa Kuhlman**
Fla. Bar #0978027
Coane and Associates, PLLC
1250 E. Hallandale Beach Blvd., Ste 303
Hallandale Beach, FL 33009
(305) 538-6800
Email: lisa.kuhlman@coane.com
Notice of Special Appearance forthcoming

*ATTORNEYS FOR PLAINTIFF*